# HPM&B
### ATTORNEYS AT LAW

99 Park Avenue, New York, NY 10016-1601



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/08

**Paul Stuart Haberman**
Associate
phaberman@hpmb.com

## MEMO ENDORSED

June 17, 2008

*Handwritten annotations:* Pre-motion conference waived. Motion must be filed by July 18. Plaintiff's reply by August 18. Reply by August 29. SO ORDERED. USDJ 6-17-08

*By Mail and Facsimile: (212) 805-7949*
Honorable P. Kevin Castel
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

Re: Benjamin W. Mitchell v. Prison Health Services, Inc., et al.
    07 CV 08268 (PKC-FM)
    Our File No.: 120-3155

Dear Honorable Justice Castel:

Heidell, Pittoni, Murphy & Bach, LLP, is of counsel to the New York City Law Department in the above-referenced *pro se* matter. We respectfully submit this letter to request a pre-motion conference in this matter, pursuant to 2(A) of Your Honor's Individual Practices. As set forth below, Plaintiff fails to state a cause of action for a violation of his civil rights by the Defendants, making a motion in lieu of Answer warranted pursuant to Federal Rule of Civil Procedure 12(b)(6). On May 15, 2008, Defendants were granted their request for an adjournment to June 13, 2008 to appear in this matter. No prior request for the within relief has been made.

### Preliminary Statement

Plaintiff brings this action against Prison Health Services, Inc., Roberto DeGuzman, M.D., and registered nurses Dawnette Henry Davis, R.N., and Alma L. Scott-Baptiste, R.N., sued herein as "Ms. Davis" and "Ms. Baptiste." Upon request, our office would be pleased to send to the Court by facsimile a copy of Plaintiff's papers. Plaintiff alleges that Defendants committed medical malpractice at Rikers Island Correctional Facility (hereinafter "Rikers") and deprived him of his civil rights by failing to adequately maintain and remove a "Mediport" placed in his chest for the administration of chemotherapy. Plaintiff demands an award of Five Million Dollars ($5,000,000.00) and unspecified injunctive relief. Plaintiff fails, however, to demonstrate a sufficiently serious injury, fails to demonstrate that Defendants acted with deliberate indifference, and fails to adequately identify and describe the facts and circumstances related to his claim. Plaintiff's allegations that his civil rights were violated because he was denied medical treatment amount to, at most, a claim of medical malpractice.

HEIDELL, PITTONI, MURPHY & BACH, LLP

532867.1

CONNECTICUT:
30 OAK STREET
STAMFORD, CT 06905
TEL: 203-327-1800
FAX: 203-353-1892

LONG ISLAND:
310 OLD COUNTRY ROAD
GARDEN CITY, NY 11530
TEL: 516-294-7134
FAX: 516-294-7139

WESTCHESTER:
81 MAIN STREET
WHITE PLAINS, NY 10601
TEL: 914-559-3100
FAX: 914-949-1160

Honorable P. Kevin Castel
Re: Benjamin W. Mitchell v. Prison Health Services, Inc., et al.
    07 CV 08268 (PKC-FM)
June 12, 2008
Page: 2



### Plaintiff Fails to State a 42 U.S.C. § 1983 Claim

A plaintiff must show the existence of an officially adopted policy or custom and a deprivation of a constitutional right in order to sustain a claim for relief under 42 U.S.C. § 1983. Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018 (1978); see also Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 117 S. Ct. 1382 (1997). Further, a plaintiff must demonstrate that an identified municipal policy, practice, or custom was "the moving force [behind] the constitutional violation. Sarus v. Rotondo, 832 F.2d 397 (2d Cir. 1987) (quoting Monell, 436 U.S. at 694); Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied 480 U.S. 916 (1987) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 824, n. 8, 105 S. Ct. 2427 (1985) (holding that plaintiff must establish a causal connection between the policy and the deprivation of the constitutional right). Liability cannot be found under a theory of respondeat superior. Monell, 436 U.S. at 691-694.

In the instant matter, Plaintiff fails to identify any "policy, practice or custom" in effect at Rikers that violated his constitutional rights. The documents appended by Plaintiff to his Complaint indicate that placement of the Mediport was warranted in order to treat his gastric cancer, that there may have been a discussion about removing the device at some point in time, and that Plaintiff thinks the Mediport should have been "flushed" more often than he claims occurred during his time at Rikers. Plaintiff alleges no injury, however, as a result of the placement of the Mediport. Nor does he claim an injury resulting from the alleged failure to "flush" the device more than eight times in 17 months. Instead, Plaintiff claims only that his "right to exercise in the yard" was effected, an "infection could have set in at anytime," and that he "fear[ed] for [his] life everyday."

Plaintiff concedes that "[Prison Health Services] Doctors" warned him that he should not "go to the yard until the Mediport is removed," presumably because any damage or impact to the device as a result of activities in the yard posed a risk of injury. Assuming *arguendo* that the alleged statements by the Defendant medical personnel were made in furtherance of a "policy, practice or custom" of treatment, such care arguably was in the best interest of Plaintiff. None of Plaintiff's claims qualify as a serious injury, and such a "policy" or "custom" of treatment is not of a nature that is actionable by this Court. Moreover, liability of the municipality or an agency for any statement or action made or taken by the individual medical personnel falls under the rubric of respondeat superior, and is expressly precluded under federal law. Monell, 436 U.S. at 691-694.

532867.1

Honorable P. Kevin Castel
Re: Benjamin W. Mitchell v. Prison Health Services, Inc., et al.
    07 CV 08268 (PKC-FM)
June 12, 2008
Page: 3



Viewing the aforementioned claims in a light most favorable to Plaintiff, he has not alleged a constitutional violation. "Before a municipality can be liable on the basis of a policy or custom, a plaintiff must identify an underlying constitutional violation." West v. City of New York, 1996 WL 240161, *4 (S.D.N.Y. 1996) (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)). Plaintiff does not provide in his Complaint facts sufficient to establish that Defendants were negligent or committed medical malpractice, nor does Plaintiff allege facts indicating a violation of his constitutional rights as a result of a municipal policy or custom of practice. In short, no *prima facie* showing is made of a cognizable cause of action under 42 U.S.C. § 1983.

### Plaintiff Fails to State a Claim of Deliberate Indifference

To make a claim under 42 U.S.C. § 1983 for deprivation of medical treatment in violation of the Eighth Amendment, a plaintiff must show that the defendant acted with "deliberate indifference" to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976); Harrison v. Barkley, 219 F.3d 132 (2d Cir. 2000); Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). For liability to attach, a plaintiff must show that the physician acted or failed to act with reckless disregard to the plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 925 (1994). Further, a plaintiff must show that the physician acted or failed to act with a "sufficiently culpable state of mind." Id. This standard applies to § 1983 claims arising under both the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. It "will generally not be met by allegations of medical malpractice." Estelle, 429 U.S. at 105-106.

In order "[t]o succeed in showing deliberate indifference, [a plaintiff] must show that the acts of the defendants involved more than a lack of care, but rather involved obduracy and wantonness in placing his health in danger." LaBounty v. Coughlin, 137 F.3d 68, 72-73 (2d Cir. 1998). To satisfy this burden, a plaintiff must establish that (1) there was intentional efforts by prison officials to delay his access to medical care at a time when he was in extreme pain; or (2) prove a complete denial of medical treatment; or (3) prove a reckless or callous indifference to his serious medical needs. Harding v. Kuhlmann, 588 F. Supp. 1315, 1316 (S.D.N.Y. 1984), aff'd, 762 F.2d 990 (2d Cir. 1995). "[T]he deliberate indifference standard embodies both an objective and a subjective prong." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

On the objective prong of the deliberate indifference inquiry, the deprivation must be "sufficiently serious[.]" Id. This is because "Eighth Amendment protection extends to 'condition[s] of urgency' that may result in 'degeneration' or 'extreme pain.'" Culp v. Koenigsmann, 2000 WL 995495 (S.D.N.Y. 2000) (quoting Chance, 143 F.3d at 702). With regard to the need for removal of his Mediport, Plaintiff has alleged, at best, the *possibility* of a *future* injury. No past or present injury is alleged in the Complaint. He does not allege "degeneration," any "extreme pain," or a medical condition that suggests urgency. Id. Plaintiff expresses only a theoretical injury resulting from an alleged failure by the Rikers' medical personnel to "flush" his Mediport, notably that he "had to worry every month" concerning his health and that an "infection could have set in at any time."

532867.1

Honorable P. Kevin Castel
Re: Benjamin W. Mitchell v. Prison Health Services, Inc., et al.
    07 CV 08268 (PKC-FM)
June 12, 2008
Page: 4



    Plaintiff also fails to assert that an injury was caused by an alleged failure to properly maintain or remove the Mediport. Instead, the exhibits show that Plaintiff received regular follow-ups and consultations with medical personnel during his incarceration and had appointments scheduled at Bellevue Hospital Center. Therefore, Plaintiff fails to make a claim that he was not provided proper medical care in response to a "condition of urgency[.]" Culp, 2001 WL 994495.

    To satisfy the subjective prong of the deliberate indifference inquiry, "the charged official must act with a sufficiently culpable state of mind." Hathaway, 99 F.3d at 553. The required state of mind, equivalent to criminal recklessness, is that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw that inference." Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998) (quoting Hathaway, 99 F.3d at 553 (internal citation omitted)).

    Even assuming that Plaintiff satisfies the objective prong of the deliberate indifference inquiry, he cannot establish that Defendants acted with a culpable state of mind. Plaintiff appends to the Complaint exhibits that indicate he received continuous medical treatment, including scheduling of appointments at Bellevue Hospital Center. He alleges only that he experienced a "fear" that he might become infected or that if he were "harmed or attacked in any way it could be fatal." Plaintiff's bald allegations that appointments were cancelled and/or not rescheduled are insufficient to establish that Defendants acted with a culpable state of mind. Hathaway, 99 F.3d at 533.

    It is settled that "prisoners do not have the right to the treatment of their choice...a correctional facility is not a health spa, but a prison in which convicted felons are incarcerated[.]" Ross v. Kelly, 784 F. Supp. 35, 44-45 (W.D.N.Y. 1992) The order in Plaintiff's chart by Defendant Baptiste indicating that his Mediport be "flushed" every month does not establish that all medical personnel come to the same determination as to the maintenance of the device. Moreover, leaving the Mediport in place after May 2006 fails to constitute a constitutional deprivation. In fact, the exhibits that Plaintiffs includes with his Complaint clearly show that he was treated on numerous occasions for a myriad of reasons, including hypertension, diabetes mellitus, and influenza. To suggest there was subjective evidence of deliberate indifference to Plaintiff's medical needs is clearly unsupported by the medical records attached to the Complaint. See also Caldwell v. United States, 992 F. Supp. 363, 366 (S.D.N.Y. 1998) (holding that a plaintiff "has no constitutional interest in being treated at a particular facility or by a specific physician...nor is plaintiff's disagreement as to the appropriate course of treatment sufficient to establish and Eighth Amendment claim"); Williams v. Keane, 940 F. Supp. 556, 571 (S.D.N.Y. 1996) (holding that prison doctor's failure to satisfy inmate's request for a specific type of orthotic for his foot pain was at best a medical malpractice claim and did not constitute deliberate indifference).

532867.1

Honorable P. Kevin Castel
Re: Benjamin W. Mitchell v. Prison Health Services, Inc., et al.
   07 CV 08268 (PKC-FM)
June 12, 2008
Page: 5

**HPM&B**
ATTORNEYS AT LAW

      Finally, allegations of deprivation of medical treatment in violation of the Eighth Amendment are not satisfied by allegations of mere negligence, Wilson v. Seiter, 501 U.S. 294, 298 (1991); Stubbs v. Dudley, 849 F.2d 83, 86 (2d Cir. 1998), nor by "mere disagreement over the proper treatment." Chance, 143 F.3d at 703. If one were to assume, *arguendo*, that the medical personnel at Rikers were negligent in not providing Plaintiff with a monthly "flushing" of his Mediport, the inmate's claims under 42 U.S.C. § 1983 would still fail as a matter of law. Plaintiff provides no evidence of injury resulting from an alleged failure to monthly "flush" the Mediport. Moreover, Plaintiff's papers demonstrate that there may have been a valid medical reason to keep the Mediport in longer, notably future treatment of cancer. Therefore, Plaintiff's allegations amount to little more than a difference of opinion with regard to the need for continued placement and maintenance of the Mediport. At best, such claims sound in medical malpractice and not a violation of civil rights.

      For all of the reasons set forth above, as well as others that will be asserted in the event Defendants are given permission by this Court to submit a pre-answer motion to dismiss, we respectfully request a conference in this matter.

Respectfully Submitted,

HEIDELL, PITTONI, MURPHY & BACH, L.L.P.

By: _____
PAUL STUART HABERMAN (PH 2771)

PSH/vm

cc: **BY CERTIFIED MAIL**

    Mr. Benjamin W. Mitchell, *pro se*
    #07-A-5226
    Upstate Correctional Facility
    P.O. Box 2001
    Malone, New York 12953

532867.1